IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GABRIEL FARMS INC.,**
an Oregon corporation *d/b/a* **OREGON BLUEBERRY FARMS AND NURSERY,**

    Plaintiff,

v.

**G&M FARMS, INC.,** a California corporation; **RIVER VALLEY FARMS, LLC,** a California Limited Liability Company; **GREGORY P. WILLEMS,** an individual; **JOHN AND JANE DOES 1-5,**

    Defendants.

Case No. 3:19-cv-02033-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Defendants in this case filed a Motion to Dismiss for Lack of Jurisdiction and for Change of Venue [ECF 10]. They argue that this court lacks personal jurisdiction over any of them or, alternatively, that the case should be transferred to the Eastern District of California. *Id.* at 3, 6. For the reasons discussed below, Defendants' motion is DENIED.

## DISCUSSION

    Plaintiff is an Oregon farm and nursery. Notice of Removal [ECF 1] at 9.[1] Defendants are a California individual ("Mr. Willems") and the California farm he owns and operates. Mot. to

---

[1]     In all references to ECF 1, which includes the Notice of Removal and Complaint, the court refers to ECF page numbers.

1 – OPINION AND ORDER

Dismiss [10] at 3. Plaintiff sued in Multnomah County Circuit Court for Breach of Contract, Goods Sold and Delivered, and *Quantum Valebrant*. Notice of Removal [1] at 9-11. Defendants removed to federal court. Notice of Removal [1] at 1.

### I. Personal Jurisdiction

Defendants argue that this court lacks personal jurisdiction over them because they do not have minimum contacts in the State of Oregon and have not engaged in activities that would render them amendable to suit in Oregon. Mot. to Dismiss [10] at 3-5 (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Rather, they argue, Plaintiff solicited business in California and sold blueberry plants to Defendants in California. *Id.* All Defendants have done, they argue, is agree to pay for plants in California. *Id.* Defendants' argument in their opening brief is minimal and appears to be based on a lack of general personal jurisdiction only. *Id.* It is somewhat more developed in Defendants' reply brief, which appears to argues for a lack of specific personal jurisdiction. Reply [ECF 16] at 2-11.

For its part, Plaintiff argues that this court has specific personal jurisdiction over Defendants because Defendants engaged in an ongoing business relationship in Oregon, including assenting to a contract in Oregon, with an Oregon-based company. Resp. [ECF 14] at 4-12. They argue that this business relationship is sufficient to confer jurisdiction for purposes of the claims brought in this lawsuit. *Id.* Finally, they argue that this exercise of jurisdiction complies with the requirements of the Fourteenth Amendment's Due Process Clause. *Id.* Plaintiff does not assert general personal jurisdiction.

The Ninth Circuit has adopted a three-part test to determine when a district court may exercise specific jurisdiction:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the

privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

*Panavision*, 141 F.3d at 1320 (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)). I address each part in turn.

**A. Purposeful Availment**

The "purposeful availment" requirement protects against a nonresident defendant being brought into court based on "random, fortuitous, or attenuated" contacts with the forum state. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The requirement is satisfied if the defendant has taken deliberate action within the forum state or has created continuing obligations to forum residents. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "It is not required that a defendant be physically present within, or have physical contacts with, the forum, provided that his efforts are purposefully directed toward forum residents." *Id.* (citation omitted). An out of state act having an effect within the forum is sufficient to constitute purposeful availment. *Id.* (citing *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1399 (9th Cir. 1986)).

Here, Plaintiff contends that Mr. Willems initiated contact at Plaintiff's farm in Oregon. Resp. [14] at 7. He then sought to buy blueberries from Plaintiff on behalf of his business in California, an action that began a "longstanding commercial relationship" between the parties. *Id.* at 7-8. In 2005, Mr. Willems signed a contract in which he agreed to represent Plaintiff as a sales agent in California, Arizona, Texas, and Nevada. *Id.* at 8; Second Gabriel Decl. [ECF 18-1]. The contract was negotiated in, prepared, and signed in Oregon, and it contained a choice-of-law provision that specified that it would be governed by Oregon law. Resp. [14] at 8. Plaintiff also contends that Mr. Willems physically visited Plaintiff's nursery many times, influenced its

3 – OPINION AND ORDER

choices regarding which varietals of blueberries to grow, and, over the course of nine years, ordered more than 800,000 blueberry plants. *Id.* at 8-9. Plaintiff has provided a Material Testing Agreement from 2017, in which Mr. Willems agreed to test new varietals of Plaintiff's blueberries at Mr. Willems's farm. Testing Agreement [ECF 18-5]. Plaintiff has also produced years' worth of printed invoices—all with an Oregon choice of law clause—as well as language from both Plaintiff's and Defendants' websites that attests to the parties' business relationship. Second Gabriel Decl. [ECF 18-3, 18-4, 18-5].

Defendants assert that Plaintiff's arguments are insufficient to prove the "purposeful availment" requirement. They argue that the parties' relationship was far more casual than Plaintiff has represented, and they dispute that the parties ever entered into an agency relationship. Reply [16] at 7-10. In a declaration, Mr. Willems disputes that the exhibits Plaintiff has provided demonstrate a business relationship, rather than a series of isolated purchases and a favor to Plaintiff (the testing agreement). Second Willems Decl. [ECF 19] at 5-6. The crux of his argument appears to be that he was not "doing business" with Plaintiff and that, even if he were, he did not physically do business in Oregon.

I find that argument unpersuasive. Plaintiff has provided ample evidence that Defendants engaged in an ongoing business relationship with Plaintiff, that Mr. Willems signed contracts in which he agreed to represent an Oregon company and assented to Oregon law, and both parties made public representations that they understood Mr. Willems to be the California representative of Plaintiff's Oregon company. Both companies created obligations to one another. This is sufficient to meet the personal availment prong of *Panavision*.

### B. Forum-Related Activities

The second prong of the *Panavision* test requires that "the claim must be one which arises out of or results from the defendant's forum-related activities." *Panavision*, 141 F.3d at 1320. The claims at issue here are a claim for breach of contract, goods sold and delivered, and *quantum valebant*. Those claims surely arise out of the business relationship described above, and Defendants have not argued otherwise.

### C. Reasonableness

The third and final prong of *Panavision* is whether the exercise of jurisdiction is "reasonable." *Panavision*, 141 F.3d at 1320. The defendant bears the burden of proving that jurisdiction is unreasonable. *Id.* at 1322. In evaluating reasonableness, the court considers seven factors: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Id.* at 1323.

Defendant has made no argument regarding reasonableness, other than to assert that exercising jurisdiction in Oregon would violate due process. Reply [16] at 11. However, a brief consideration of the *Panavision* factors shows that jurisdiction in Oregon would not be unreasonable, and Defendants' due process rights will not be violated.

First, Defendants' purposeful interjection into Plaintiff's Oregon business appears to have been substantial and ongoing. This factor favors Plaintiff. Second, the burden on Defendant in defending in Oregon is no greater than Plaintiff's would be to try the suit in California. This factor favors neither party. Third, there is no conflict with the sovereignty of California. Fourth,

California has no interest in adjudicating the dispute, particularly because a California court would likely need to apply Oregon law as a result of the choice of law provisions in every contract at issue in this case. The third and fourth factors therefore favor Plaintiff. The fifth and sixth factors ask about efficiency—particularly efficiency for Plaintiff—and Plaintiff is most likely to receive effective relief in Oregon. Finally, the seventh factor asks whether an alternative forum is available. As Defendants note, the Eastern District of California would be an available alternative forum. This factor favors Defendants.

On balance, I find that the exercise of jurisdiction in Oregon would be reasonable, and Defendants' due process rights would not be violated by trying the case in Oregon. I therefore hold that this court has personal jurisdiction over Defendants for purposes of this case.

**II.      Change of Venue**

Defendants rely on three statutes in support of their motion for change of venue: 28 U.S.C. §§ 1391, 1404, and 1406. Mot. to Dismiss [10] at 5-7. Section 1391 is the general venue statute for civil actions brought in federal district courts. § 1391(a)(1). Section 1404 allows for change of venue "for convenience of the parties and the witnesses" or in the "interest of justice." § 1404(a). Section 1406 allows a federal court to cure a "defect" of venue. § 1406(a).

As Plaintiff notes, Resp. [ECF 14] at 12, § 1391 has "no application" to removed cases. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). The venue of removed actions is governed by 28 U.S.C. § 1441(a). § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). This case was originally filed in

Multnomah County Circuit Court and removed to federal court. Notice of Removal [ECF 1]. Venue is therefore proper under § 1441(a).

The only question, then, is whether venue should be transferred to the Eastern District of California for reasons of convenience and the interests of justice, as provided by § 1404(a). This inquiry is decided on a case-by-case basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In making the decision whether to transfer, a court may consider the following factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof, (9) the presence of a forum selection clause, and (10) the public policy of the forum state. *Id.* at 498-99.

Here, the factors weigh in favor of denying Defendant's motion to transfer this case to the Eastern District of California. Mot. to Dismiss [10] at 6. The relevant agreements were negotiated and executed in Oregon, the State of Oregon is most familiar with the governing law, Plaintiff chose this forum, the contacts relating to the cause of action primarily occurred in Oregon, and the relevant agreements each contain a forum selection clause that requires Oregon law to apply. All of these factors cut in favor of maintaining venue in Oregon. As to the factors that require weighing the parties' contacts in the forum state or their access to witnesses and evidence, those factors favor neither party. No matter where this case is tried, one party will be at something of a logistical disadvantage. It is no more onerous on Defendants to try this case in Oregon than it would be on Plaintiff to try this case in California.

Defendants have not made a compelling argument otherwise. They argue only that they are domiciled in California and that it will be inconvenient to have to call witnesses in Oregon. Mot. to Dismiss [10] at 6-8. But the inverse would be true if this case were transferred: Plaintiff is domiciled in Oregon and would suffer an inconvenience if it were to call witnesses in California. There is therefore nothing particularly persuasive about Defendants' argument. On balance, then, the factors favor maintaining venue in Oregon, and I deny Defendants' motion.

## CONCLUSION

Upon review, I DENY Defendants' Motion to Dismiss for Lack of Jurisdiction and for Change of Venue [10] for the reasons discussed in this opinion.

IT IS SO ORDERED.

DATED this 2⁹ day of February, 2020.

                                                    MICHAEL W. MOSMAN
                                                    United States District Judge